(6 Misc. Rep. 38.)

### DE MARS et al. v. BOEHM et al.

(City Court of New York, General Term. November 27, 1893.)

REAL-ESTATE BROKERS—EMPLOYMENT.

In a suit for brokers' commissions for buying land at partition sale, one of plaintiffs testified that he saw the coparceners' attorneys, and told them that he was a broker, and thought he could sell their property; that he had taken a buying customer to them, and been before the referee twice about the matter, all before he saw defendants. The other plaintiff testified that he had tried to get for the coparceners as high a price as possible, so as to increase his commissions. The bid being made, but not yet reported, the acting member of defendants' firm testified in the latter plaintiff's presence, before the referee, that defendants were paying no commissions to plaintiffs. Both plaintiffs testified that said attorneys had, with their knowledge and consent, attempted to get them selling commissions out of the estate. They further swore that they had told defendants' acting partner that defendants would have to pay the commissions, but he denied it absolutely. Defendants, however, authorized them in writing to make the bid for them. Plaintiffs swore that said writing was given them as defendants' employed brokers, to evidence their authority; defendants, that it was given them as to the seller's brokers, to conform to the requirement of written bids. *Held* error to charge that said paper showed "an employment of these brokers, authorizing them to offer this sum for this property," since the question whether such authorization, under the circumstances, was an employment, was for the jury.

Appeal from trial term.

Action by Henry W. De Mars and another against Samuel C. Boehm and another for brokers' commissions. Judgment for plaintiffs. Defendants appeal. Reversed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Jeroloman & Arrowsmith, for appellants.

Royal S. Crane, for respondents.

VAN WYCK, J. Plaintiffs sue as real-estate brokers for commissions for buying property for defendants. It appears that Sutro & Dulon, Esqs., were attorneys for the owners, infant heirs, in a partition suit; that Mr. Crane was the referee to sell the property; that the sale was made by the referee receiving sealed written bids; that plaintiffs' bid of $65,000 was the highest, and accepted; that the sale was confirmed on the referee's report; and that the property was deeded by him to defendants. The main issue upon trial was whether defendants had employed plaintiffs to effect the purchase, and whether they were selling brokers for the owners, or those who represented them, or buying brokers for the plaintiffs. The plaintiff Bennett testified that his partner got the property for sale from a friend of his; that he saw Sutro & Dulon, as the representatives of the infant heirs, before he saw the defendants, and told them that he was a real-estate broker, and thought that he could sell their property; that he had taken a buying customer to them, and had been before the referee twice about the sale of this property, before he saw the defendants, while De Mars, the other plaintiff,

testified that he had endeavored to get for the heirs as high a price for the property as he could, so as to increase his commissions. After defendants' bid was made, and before the referee reported the same to the court, the defendant who was active in the negotiation was called as a witness before the referee, and there testified, in the presence of the plaintiff De Mars, that plaintiffs were not to be paid any commission by defendants, and "that, in making the offer of $65,500 for the property, he told plaintiffs particularly that they must collect their commissions from the owners of the property. Both defendants testified that Sutro & Dulon, with their knowledge and consent, had endeavored to have the court direct that their commissions be paid by the infant heirs, and the referee's report so recommended, as follows:

"I further report that, in my opinion, the real-estate brokers, Henry W. De Mars and Joseph F. Bennett, are fairly entitled to be paid out of the estate a brokerage of one per cent. of said purchase price from the owners of said property. They produced the customers, and at every hearing before me were present, and their customer, Samuel C. Boehm, advanced his bid from $60,000 to $65,000, as I believe, by their suggestion. They have fairly earned the said commission, and I therefore think it is just and right that their services be compensated out of the estate. Mr. Boehm testified that he informed the said brokers that they must get whatever commission they could out of the owners, and that he could not afford to pay them any brokerage."

It is true that both plaintiffs testified that at the first interview with Nathan Boehm, to whose attention they had brought the fact that this property was for sale, they had said to him, "We want you to understand one thing, that the other side will give no commission, and, if you buy this property, you will have to pay the commission;" and that he replied, "Our firm, if they buy it, will pay the commission." Nathan denied that such conversation was had, and the proof is overwhelming and uncontradicted that he was not a member of defendants' firm, and that he was not in any way authorized to act for or bind them in the transaction, and no proof was made that they had ratified his act or this conversation; and yet the judge refused to charge, as requested, "that Nathan Boehm was not acting for defendants, and had no authority to act for them," to which refusal defendants excepted. The plaintiffs testified that they had a conversation with Samuel Boehm, admittedly a member of defendants' firm, similar to the one had with Nathan, but he denies this. It is undisputed that defendants' firm authorized plaintiffs to submit their written bid for the property as required by the referee's terms of sale, and this authorization is as follows:

"New York, April 19, 1892.

"Royal S. Crane, Esq., Referee—Dear Sir: I hereby authorize De Mars and Bennett to offer for us the sum of $65,500 for the property on northeast corner of Bleecker and Wooster streets, New York.

"Samuel C. Boehm & Co."

—And that it was by plaintiffs handed to the referee on April 19th, the day he had already fixed for receiving written bids. Plaintiffs testified that this paper was given to them as the employed brokers

of defendants, and contended that it evidenced their employment as such by defendants; while defendants testified that it was given just as a verbal authority might be given by any buyer to a seller's broker, to offer his principal a fixed price, and contended that the only reason it was written was because the referee's terms of sale required that the bid should be in writing, and that it did not evidence defendants' employment by them as their brokers to buy. If this paper is taken out of the case, the plaintiffs' cause will rest solely upon their own testimony, which would not be sufficient to justify the verdict in their favor, in view of their testimony that they endeavored to get for the infants' estate as high a price for this property, (to buy which they claim they were defendants' brokers) as they could, so as to increase their commission, and of the other facts testified to by them as above stated.

The judge charged the jury, at folio 135, as follows: "Mr. Nathan Boehm says that he was but a salesman for the defendants. The plaintiffs say that they first called his attention to this property, and that he, acting for defendants, reported the matter to them, the result of which was this paper, dated, April 19, 1892, and which I read,"—and, immediately after reading the paper, continues: "Here is an employment of these brokers, authorizing them to offer this sum for this property." This was excepted to. This paper was certainly an authorization to plaintiffs to file defendants' written bid with the referee, to whom it was addressed; but whether it, or any other evidence in the case, was proof of an employment of these brokers by defendants, was a disputed question, which should have been left to the jury; hence it was error for the judge to say, "Here is an employment of these brokers," even though followed by the words, "authorizing them to offer this sum for this property;" for such authorization could be given to plaintiffs by the defendants without an employment of them as brokers. The judge should have charged, as requested at folio 143, that Nathan Boehm had no authority to act for defendants. The judgment and order appealed from should be reversed, and new trial granted, with costs to appellants to abide the event. All concur.